James R. Gaudiosi 031321
Jim Gaudiosi, Attorney at Law PLLC
17505 N. 79th Ave
Suite 112A
Glendale, AZ 85308
Telephone (623)-777-4760
Fax (602)- 388-8250
jimg@azbkpeoria.com
Attorney for the Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>AARON MITCHELL<br><br>BREANN MITCHELL<br><br><br><br>Debtor(s) | Case No.: 2:19-bk-02176-DPC<br>CHAPTER 13 PLAN<br><br>☒ Original<br>☐ Amended<br>☐ Modified<br>☐ Payments include post-petition mortgage payments<br>☒ Flat Fee/Administrative Expense<br>☐ Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):

☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
☐ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

---

[1] "Plan" includes the original plan and any amended or modified plan.

This Chapter 13 Plan is proposed by the above Debtor.[2] The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.

This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under Code § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable nonbankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan or Code § 511, if applicable. Any ongoing obligation will be paid according to the terms of the Plan.

☐ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan: _____

_____

Summarize how the Plan varies from the last Plan filed: _____

_____

**(A) Plan Payments and Property to be Submitted to the Trustee.**

Plan payments start on March 30, 2019. The Debtor shall pay the Trustee as follows:

$2,000.00 each month for month 1 through month 24.
$3,245.00 each month for month 25 through month 60.

The proposed Plan duration is 60 months. The applicable commitment period is 36 months. See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee: Net tax refunds in excess of $1,000.00.

_____

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All claims.**

**(1)** Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

---

[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et.seq.

(a) *Adequate protection payments to creditors secured by personal property*.

☐ **None.** *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed*.

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, unless the confirmed plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| Global Lending Service | 2015 Kia Sorento | $14,600.00 | $146.00 |

☐ **Nonstandard Provisions**. See Section (H).

(b) *Mortgage Conduit Payments*.

☐ **None**.

The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

**(2)** *Administrative expenses*. Code § 507(a)(2).

(a) *Attorney fees*. Debtor's attorney has agreed to:

☒ A flat fee of $4,500.00, of which $700.00 was paid before the filing of the case (See Local Rule 2084-3;

**or**

☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order is $_____, of which $_____ was paid before the filing of the case.

(b) *Additional Services*. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
☐ Adversary proceedings $_____.
☒ Lien Avoidance Actions $1,000.
☒ Preparing and filing of any motion to sell property $750.
☐ Other Flat Fees for _____ $_____.

(ii) After Confirmation:
☒ Preparing and filing of Modified Plan $750.
☒ Responding to motion to dismiss and attendance at hearings $750.
☐ Defending motion for relief from the automatic stay $_____.

☐ Adversary proceedings $_____.
☒ Lien Avoidance Actions $1,000.
☒ Preparing and filing of any motion to sell property $750.
☐ Other Flat Fees for _____ $_____.

All other additional services will be billed at the rate of $300 per hour for attorney time and $195 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

[                                                                ]

**(3)** *Leases and Unexpired Executory Contracts*.

☒ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed*.

**(a)** *Assumed*.

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
|  |  |  |  |

☐ **Nonstandard Provision**. See Section (H).

**(b)** *Rejected*.

| Creditor | Property Description |
|---|---|
|  |  |

☐ **Nonstandard Provision**. See Section (H).

**(4) Creditors with a Security Interest in Real Property**.

☐ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed*.

**(a)** *Claim Wholly Unsecured*. The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
|  |  |  |  |

**(b)** *No Pre-Petition Mortgage Arrears*. To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the Secured Creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
|  |  |  |

**(c)** Curing of Default and Maintenance of Payments. Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearages unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Owed Through | Interest Rate, if applicable (i.e. HOA's) |
|---|---|---|---|---|---|
| We Florida Financial | 20142 N. 260th Dr, Buckeye AZ 85396 | $1,559.00 | $9,354.00 | Petition date | n/a |
| Festival Foothills Community Association | 20142 N. 260th Dr, Buckeye AZ 85396 | $95.00 | $285.00 | Petition date | 10.00% |

☐ **Nonstandard Provision**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property*.

☐ **None.** *If "None" is checked, the rest of Section (C)(5) is not to be completed*.

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims*.

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed*.

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal
Case 2:19-bk-02176-DPC    Doc 14    Filed 03/14/19    Entered 03/14/19 15:01:32    Desc
LOCAL FORM 2084-4 (12/17)    Main Document    CHAPTER 13 PLAN    Page 5 of 9    PAGE 5

Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| Global Lending Service | 2015 Kia Sorento | $19,264.00 | 5.50% |

☐ This debt has nonfiling codebtor(s) other than a spouse.
　　Name(s) of other individual(s) liable: _____
　　Post-petition payments to be made by:　☐ Trustee; or
　　　　　　　　　　　　　　　　　　　　☐ Nonfiling codebtor.

☐ Nonstandard Provisions. See Section (H).

**(b)** *Modified Secured Claims*.

☒ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed*.

Secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(c) Lien Avoidance**.

☒ **None.** *If "None" is checked, the rest of Section (C)(5)(c) need not be completed*.

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

|  |  |
|---|---|
|  |  |

**(6)** *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees*.

☒ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed*.

**(a)** *Unsecured Domestic Support Obligations*. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|
|  |  |

**(b)** Other Unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
|  |  |  |
|  |  |  |

☐ **Nonstandard Provisions**. See Section (H).

**(7)** *Nonpriority, Unsecured Claims*. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions**. See Section (H).

**(D) Surrendered Property**.

☒ **None.** *If "None" is checked, the rest of Section (D) is not to be completed*.

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
|  |  |

**(E) Vesting**. Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation

of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
|  |

☐ **Nonstandard Provisions**. See Section (H).

**(F) Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
|  |

**(G) Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H)** Nonstandard Provisions. Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. Any Nonstandard Provision placed elsewhere in this Plan is void. The Debtor submits the following provision that vary from Section (C) of the Local Plan Form:

☒ **None.** *If "None" is checked, the rest of Section (H) is not to be completed*.
☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
|  |

Case 2:19-bk-02176-DPC    Doc 14    Filed 03/14/19    Entered 03/14/19 15:01:32    Desc
Main Document    Page 8 of 9

**(I) Plan Summary**. If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

    (1) Trustee's Compensation (10% of Total of Plan Payments to Trustee)......................$16,482.00
    (2) Administrative Expenses (§ (C)(2)).................................................................$3,800.00
    (3) Leases and Executory Contracts (§ (C)(3))......................................................$0.00
    (4) (a) Conduit Mortgage Payments (§ (C)(4)(c)).................................................$93,540.00
    (4) (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)).....................$9,639.00
    (5) (a) Claims Secured by Personal Property or Combination of Real & Personal ............................
        Property (§ (C)(5)) – Unmodified..........................................................$19,264.00
    (5) (b) Claims Secured by Personal Property or Combination of Real & Personal
        Property (§ (C)(5)) – Modified ...........................................................$0.00
    (6) Priority Unsecured Claims (§ (C)(6))...............................................................$0.00
    (7) Unsecured Nonpriority Claims (§ (c)(7))..........................................................$171.87
    (8) Total of Plan Payments to Trustee...................................................................$164,820.00

**(J) Section 1325 analysis**.

    (1) Best Interest of Creditors Test:

        (a) Value of Debtor's interest in nonexempt property..............................$0.00
        (b) Plus: Value of property recoverable under avoidance powers..................$0.00
        (c) Less: Estimated Chapter 7 administrative expenses............................ $0.00
        (d) Less: Amount payable to unsecured, priority creditors......................... $0.00
        (e) Equals: Estimated amount payable to unsecured, nonpriority claims if..............................
        Debtor filed Chapter 7..................................................................$0.00

    (2) Section 1325(b) Analysis:

        (a) Monthly Disposable income, Form B 122C-2 (if less than $0, then state $0.... $0.00
        (b) Applicable Commitment Period........................................... x 60
        (c) Total of Line (2)(a) amount x 60................................................... $0.00
    (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan......................$171.87

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: March 14, 2019.


 /s/ Aaron Mitchell                                     /s/BreAnn Mitchell
__Aaron Mitchell, Debtor                            BreAnn Mitchell, Debtor


 /s/ Jim Gaudiosi  031321
Jim Gaudiosi, Esq.
Attorney for Debtor